United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIE GREEN MINISTRIES INTERNATIONAL INC.,

Plaintiff,

v.

TRINH LONG VU AKA AMERICAN PATRIOTS 2 / @TRONGRAUSANTHUONG, et al.,

Defendants.

Case No. 26-cv-05757-NW

**ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR ALTERNATIVE SERVICE**

Re: ECF No. 9

Before the Court is Jule Green Ministries International Inc.'s ex parte motion for alternative service of process on Defendant "Trinh Long Vu aka 'American Patriot News 2' aka @trongrausanthuong" ("Trinh Long Vu"). ECF No. 9. Trinh Long Vu is alleged to be a foreign defendant who, based on the Digital Millenium Copyright Act ("DCMA") counter-notices Trinh Long Vu submitted, resides in Vietnam. ECF No. 5 at 6–14. For the following reasons, the Court DENIES without prejudice the ex parte motion.

## I. LEGAL STANDARD

For foreign individuals, Rule 4 permits service by, *inter alia*, "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Thus, "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). But even

> if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

them an opportunity to present their objections."

*Id.* at 1016 (citations omitted). A plaintiff must also "demonstrate that the facts and circumstances of the [] case necessitate[] the district court's intervention." *See id.* "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citation omitted).

## II. DISCUSSION

Plaintiff proposes to serve Trinh Long Vu by "by electronic mail at trinhlongvuhoangvu17042003@gmail.com," the email submitted in Trinh Long Vu's DMCA counter-notices. ECF No. 9 at 3, 5. Assuming that email service in Vietnam is not prohibited by international agreement, and assuming that this method is reasonably calculated to apprise Trinh Long Vu of the pending action, Plaintiff's ex parte motion is nonetheless DENIED without prejudice because Plaintiff has not shown that "the facts and circumstances of the [] case necessitate[] the district court's intervention." *Rio*, 284 F.3d at 1016.

Although Plaintiff asserts that Trinh Long Vu's "physical address is unknown" and avers that Plaintiff has "undertaken reasonable efforts to ascertain it," examination of the record shows that these efforts are insufficient. According to its counsel's declaration, Plaintiff has examined the "the addresses provided on Defendant's counter-notices" and found that each was either "incomplete or identified business addresses that appear not to be associated with Defendant or Defendant's activities, notably, a business on a commercial street," which Plaintiff looked at via Google Maps "Street View." ECF No. 9-1 at 2–3. While a Google Maps search may be sufficient to check whether an address is incomplete or real, it is insufficient to conclude that an address shown on "Street View" is not associated with Defendant Trinh Long Vu. Defendant Trinh Long Vu may or may not reside there, and he may or may not work there. Plaintiff's speculation is not a "reasonable effort" to locate Trinh Long Vu; rather, having ascertained a physical address that appears real and that, based on the DMCA counter-notices, appears linked to Trinh Long Vu, Plaintiff must attempt service there on at least two different occasions. *See, e.g.*, *Timeless Production FZ LLC v. Vieconnect*, No. 25-cv-03639-NW, ECF No. 19 (denying without prejudice

United States District Court
Northern District of California

request for alternative service where Plaintiff "made no other attempts to notify Defendants of this case" beyond "once attempting to serve Defendants by mail. Accordingly, Plaintiff's ex parte motion for alternative service is DENIED without prejudice.

## III. CONCLUSION

For the forgoing reasons, the Court DENIES without prejudice the motion for alternative service. Plaintiff must serve Defendant Trinh Long Vu or renew the motion for alternative service **no later than January 25, 2027**.

Any renewed motion for alternative service must demonstrate Plaintiff's attempts at physical service, as well as attempts by Plaintiff to inform Defendant of the pendency of this action via other means (such as email, social media, etc.).

The Court CONTINUES the initial case management conference to **March 2, 2027**.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Noël Wise
United States District Judge